UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER BASS,

    Plaintiff,

    v.

SEAN DAVID MORTON; DARYL WEBER; MELISSA MORTON; 27 INVESTMENTS LLC; MAGIC EIGHT BALL DISTRIBUTING, INC.; VARJA PRODUCTIONS LLC; DELPHI ASSOCIATES INVESTMENT GROUP,

    Defendants.

NO. CV-08-0253-EFS

**ORDER GRANTING AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANTS SEAN DAVID MORTON AND MELISSA MORTON**

Before the Court, without oral argument, is Plaintiff Christopher Bass' Motion for Discovery Sanctions Against Defendants Sean David Morton and Melissa Morton (Ct. Rec. 55). Although the Morton Defendants were cautioned that failure to respond may be deemed consent to entry of an adverse order (Ct. Rec. 65 p. 4 (citing to LR 7.1(b) & (h)(5)), the Morton Defendants failed to do so. Plaintiff's counsel submitted supplemental declarations on July 24, 2009. After reviewing the submitted material and relevant authority, the Court is fully informed and grants Plaintiff's request to enter default against the Morton Defendants and holds in abeyance, pending further briefing, Plaintiff's judgment request.

///

ORDER ~ 1

**A. Background**

The Court's July 6 and 20, 2009 Orders (Ct. Recs. 50 & 65) set forth the procedural history. The Court need not reiterate those procedural facts except to highlight that the Court compelled the Morton Defendants to answer Plaintiff's written discovery requests and informed the Morton Defendants regarding the consequences of failing to respond to Plaintiff's written discovery requests or to appear for the properly-noted depositions. Notwithstanding the Court's Order and advisements and Plaintiff's motion for sanctions, Defendant Melissa Morton failed to appear for her properly-noted July 22, 2009 deposition, and Defendant Sean David Morton failed to appear for his properly-noted July 23, 2009 deposition. (Ct. Recs. 72 & 73.) Furthermore, the Morton Defendants did not produce answers or documents to Plaintiff's written discovery requests. *Id.*

On July 16, 2009, the Morton Defendants filed a Motion to Dismiss With Prejudice (Ct. Rec. 64), seeking dismissal because the parties allegedly entered into a Settlement Agreement. The Court cautioned the Morton Defendants that until the Court ruled on a dismissal motion, they were to abide by Court orders and respond to discovery, and that failure to do so would result in sanctions. (Ct. Rec. 65 pp. 4-5.)

Also, the Morton Defendants faxed a letter on July 21, 2009, to Plaintiff's counsel, with a courtesy copy to the Court, advising that Plaintiff must pay the Morton Defendants a public appearance fee in advance of their depositions. (Ct. Rec. 66.) This public appearance fee demand directly contravenes the Court's advisement that a party has an

ORDER ~ 2

obligation to appear and to not impede, delay, or frustrate discovery without facing sanctions. (Ct. Rec. 65 p.3.)

**C.   Authority and Application**

Federal Rule of Civil Procedure 37 gives a district court discretion to enter default judgment against a party who fails to attend its own deposition or serve answers to interrogatories. Fed. R. Civ. P. 37(d)(3) (turning to Fed. R. Civ. P. 37(b)(2)(A)(vi)); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (upholding a default judgment against a defendant that disregarded a discovery order); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 353-54 (1909) (upholding a default judgment against a defendant who refused to produce documents).

A district court must consider the following five (5) factors when deciding whether default is the proper sanction for discovery noncompliance: "'1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [moving party]; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanction.'" *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (citation omitted). Where, as here, a Court Order is violated, "the first and second factors will favor sanctions and the fourth will cut against them." *Id.* The third and fifth factors are therefore dispositive. In addition to considering the above-referenced factors, a district court must find that the party's noncompliance is due to willfulness, fault, or bad faith. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

The Ninth Circuit's multi-factor terminating sanction test is far from a mechanical checklist; rather, it functions as "a way for a district judge to think about what [discovery sanction is just]." *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). A district court's decision to impose terminating sanctions will be reversed only if there is a "definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

1.  <u>Prejudice</u>

The Court finds that the Morton Defendants' failure to a) answer Plaintiff's interrogatories and requests for production and b) appear for deposition constitute sufficient prejudice to warrant default judgment. *See Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding that failure to produce documents as ordered is sufficient prejudice for default under Rule 37). Without discovery or deposition testimony from the Morton Defendants, Plaintiff's ability to prepare for trial is extremely hindered.

2.  <u>Less Drastic Sanction Availability</u>

Before resorting to terminating sanctions, the district court must consider 1) what lesser sanctions were previously imposed, 2) why other lesser sanctions would be insufficient, and 3) whether the offending party is on notice about the possibility of default. *Brotby*, 364 F.3d at 1116.

Although the Court has not previously awarded sanctions against the Morton Defendants, it clearly required the Morton Defendants to answer

Plaintiff's written discovery requests and advised the Morton Defendants about the consequences of their failure to do so, as well as the consequences for failing to appear at a properly-noted deposition. Furthermore, the Morton Defendants were repeatedly warned regarding the consequences of failing to abide by the Federal Rules of Civil Procedure and the Local Rules, including imposition of default judgment - the relief requested by Plaintiff's motion for sanctions. The Court concludes that any sanction other than default judgment will be insufficient. The Morton Defendants' continued willful withholding of discovery prejudices Plaintiff's ability to prepare summary judgment motions and for trial. There is nothing to indicate that this behavior will change; therefore, lesser sanctions will not remedy this prejudice.

Finally, an explicit warning that the Court is considering entering default judgment is unnecessary. *See CFTC v. Noble Metals Int'l*, 67 F.3d 766, 771-72 (9th Cir. 1995) (finding no explicit warning necessary when harsh sanction of dismissal should not have surprised party who willfully violated court's order); *Adriana*, 913 F.2d at 1413 (same). In any event, the Morton Defendants were on notice when Plaintiff moved for default judgment as a sanction.

   3.   Attorney Fees and Costs

Rule 37(d)(3) allows the Court to order the disobedient party - the Morton Defendants - "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Morton Defendants' willful, noncompliant conduct is not substantially justified. Plaintiff is entitled to fees and costs.

ORDER ~ 5

4. Summary

Given the Morton Defendants' willful failure to cooperate in discovery and comply with the Court's Orders, it is futile for Plaintiff and the Court to waste additional time and resources in an effort to obtain the Morton Defendants' cooperation. Default judgment is the just sanction. The Court grants Plaintiff's motion in part - default is entered against the Morton Defendants. The Court holds in abeyance the request for judgment because the Court is in need of briefing regarding damages and attorneys fees and costs.

**C. Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Discovery Sanctions Against Defendants Sean David Morton and Melissa Morton **(Ct. Rec. 55)** is **GRANTED** (default entered, as well as fees and costs to be awarded) **and HELD IN ABEYANCE** (judgment) **IN PART.**

2. Plaintiff shall file a memorandum no later than **September 1, 2009,** setting forth a detailed legal and factual basis for all claimed damages. The Court will review the memorandum and, if necessary, set a hearing before entering default.

3. Plaintiff shall file a separate memorandum no later than **September 1, 2009,** setting forth the attorneys' fees and costs attributed to the discovery motion, sanctions motion, and depositions.

4. All pending pretrial and trial dates, relating to the Morton Defendants, are **STRICKEN.**

5. The Morton Defendants' Motion to Dismiss With Prejudice **(Ct. Rec. 64)** and other pending motions are **DENIED AS MOOT.**

ORDER ~ 6

**IT IS SO ORDERED.** The District Court Executive is directed to:

(A)  Enter this Order and

(B)  Provide copies to counsel and Defendants.

**DATED** this ___3rd___ day of August 2009.


                        S/ Edward F. Shea
                        EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2008\0253.sanction.wpd

ORDER ~ 7