UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER BASS,

               Plaintiff,

       v.

SEAN DAVID MORTON; DARYL WEBER;
MELISSA MORTON; 27 INVESTMENTS
LLC; MAGIC EIGHT BALL
DISTRIBUTING, INC.; VAJRA
PRODUCTIONS LLC; DELPHI
ASSOCIATES INVESTMENT GROUP,

               Defendants.

NO. CV-08-253-EFS

**ORDER DENYING THE MORTON
DEFENDANTS' MOTION TO VACATE**

    On August 3, 2009, the Court entered default against Defendants Sean David Morton and Melissa Morton.  (Ct. Rec. 77.)  The Morton Defendants now seek to vacate the default on jurisdictional grounds.  (Ct. Rec. 87.)[1]  After review, the Court finds that not only does subject-matter

---

[1]The Morton Defendants' motion caption - "Motion to Vacate Default Judgment" - is a misnomer.  The Court has not entered judgment; instead, the Court entered default and deferred entering judgment until it received from Plaintiff Christopher Bass a detailed legal and factual basis for all claimed damages.

ORDER ~ 1

jurisdiction exist, but also that the Morton Defendants waived any personal jurisdiction and venue objections by not raising these defenses in their initial pleadings.  The reasons for the Court's Order are set forth below.

## I. Discussion

### A.    Rule 60 Relief

As an initial matter, it is necessary to discuss the procedural vehicle that the Morton Defendants rely on for relief.  The Morton Defendants moved to vacate the Court's entry of default under Federal Rule of Civil Procedure 60(b).  Rule 60 permits a party to seek relief from a court order or judgment when, for example, there is mistake, surprise, excusable neglect, newly-discovered evidence, or fraud. FED. R. CIV. P. 60(b).  But considering that the Morton Defendants' requested relief is predicated on a challenge to the Court's jurisdictional power to enter default, Rule 60 is inapplicable, and the proper procedural vehicle is a Rule 12(b) challenge.

### B.    Subject-Matter Jurisdiction

#### 1.    Standard

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 21 U.S.C. § 1331, which provides for 'federal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006).  A plaintiff properly invokes federal question jurisdiction when it is apparent from her complaint that either 1) the plaintiff's cause of action was created by federal law, or 2) if the plaintiff's cause of action is based on state law, that a federal law

that creates a cause of action or reflects an important national interest is an essential component of the plaintiff's claim. *Id.; see also* ERWIN CHEMERINSKY, FEDERAL JURISDICTION 295 (Aspen Publishers 2007).

## 2.    The Securities Acts

Plaintiff insists that federal subject-matter jurisdiction exists here because his cause of action is created by federal law - specifically, the Securities and Exchange Acts of 1933 & 1934 ("the Securities Acts"). (Ct. Rec. 93 at 5.)

"To establish a claim for violation of federal securities law, it is necessary to show that the violation involved a 'security' as defined by the Securities Acts." *SEC v. Rubera*, 350 F.3d 1084, 1089 (9th Cir. 2003). The Securities Acts are to be read liberally given "the virtually limitless scope of human ingenuity, especially in the creation of countless and variable schemes devised by those who seek to use the money of others on the promise of profits." *Reves v. Ernst & Young*, 494 U.S. 56, 60-61 (1990) (internal quotations omitted). Thus, when deciding whether a transaction falls within the Securities Acts' parameters, districts courts focus on the economic realities involved in the transaction. *Rubera*, 350 F.3d at 1089.

The Securities Acts define "security" as, among other things, an "investment contract." *Id.* at 1090 (citing 15 U.S.C. §§ 77b(a)(1), 78c(a)(10)). An investment contract is "any contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or third party." *Id.*

Here, Defendant Sean Morton, a self-proclaimed soothsayer and financial expert, claims that he can predict market changes by channeling his psychic powers. Based on Defendant Sean Morton's perceived abilities, Plaintiff entered into an agreement with the Morton Defendants in which Defendant Sean Morton would invest over $200,000.00 of Plaintiff's money in foreign currency trading via the various Corporate Defendants.[2] Plaintiff and the Morton Defendants agreed to share in the investment returns. Given the financial relationship between Plaintiff and the Morton Defendants, as well as the liberal reading afforded to the Securities Acts, it is clear from the face of Plaintiff's Complaint that federal securities laws are implicated. Accordingly, federal subject-matter jurisdiction exists.

**C.  Personal Jurisdiction and Venue**

The Morton Defendants alternatively argue that 1) the Court lacks personal jurisdiction over them, and 2) venue is improper. (Ct. Rec. 87 at 3.)

Rule 12 states that the defenses of lack of personal jurisdiction or improper venue are waived if not timely raised in an answer or responsive pleading. *See* FED. R. CIV. P. 12(h)(1). The Ninth Circuit strictly adheres to this waiver, observing that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under [Rule 12] must be raised at the first available opportunity or, if they are not,

---

[2]The Corporate Defendants are 1) 27 Investments, LLC, 2) Magic Eight Ball Distributing, Inc., 3) Vajra Productions, LLC, and 4) Delphi Associates Investment Group.

ORDER ~ 4

they are forever waived." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000).

Here, the Morton Defendants answered Plaintiff's complaint without identifying either lack of personal jurisdiction or improper venue as affirmative defenses.  (Ct. Rec. 2.)   These defenses are therefore waived.

## II. Conclusion

Accordingly, **IT IS HEREBY ORDERED**: The Morton Defendants' Motion to Vacate **(Ct. Rec. 87)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel and Defendants.

**DATED** this ____ 21st ____  day of October 2009.


_____
            S/ Edward F. Shea
            EDWARD F. SHEA
        United States District Judge

Q:\Civil\2008\253.Rule60.wpd

ORDER ~ 5