UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER BASS,<br><br>           Plaintiff,<br><br>      v.<br><br>SEAN DAVID MORTON; DARYL WEBER; MELISSA MORTON; 27 INVESTMENTS LLC; MAGIC EIGHT BALL DISTRIBUTING, INC.; VAJRA PRODUCTIONS LLC; DELPHI ASSOCIATES INVESTMENT GROUP,<br><br>           Defendants. | NO. CV-08-253-EFS<br><br>**ORDER GRANTING PLAINTIFF'S REQUESTS FOR DAMAGES, FEES, AND COSTS; DENYING THE MORTON DEFENDANTS' MOTIONS; ENTERING JUDGMENT; AND CLOSING FILE** |

    A telephonic hearing was held in the above-captioned matter on December 4, 2009, to address Plaintiff Christopher Bass' damages request. A week before the hearing and the day of the hearing Defendants Sean and Melissa Morton ("the Morton Defendants) filed several documents. The Court addressed these documents at the hearing as well, which was attended by Plaintiff Christopher Bass, who was represented by John Fetters and Richard Gerace, and the Morton Defendants. After reviewing the submitted material and hearing from counsel and the Morton Defendants, the Court was fully informed. For the reasons articulated on

ORDER ~ 1

the record and supplemented herein, the Court denies the Morton Defendants' requests and enters judgment in Plaintiff's favor.

**A.   The Morton Defendants' Requests**

On November 24, 2009, the Morton Defendants filed a Petition for Judicial Review Decision and Reconsideration (Ct. Rec. 104), a Dispositive Motion (Ct. Rec. 103), and accompanying declarations (Ct. Recs. 105 & 106). The Morton Defendants filed additional documents on December 4, 2009: 1) Final Notice of Default, Demand for Payment; Notice of Intent to Lien; Breach of Contract (Ct. Rec. __); 2) Motion for Stay of Proceedings (Ct. Rec. __); 3) For Judicial Review of all Decisions, Rulings and Procedure of all Proceedings From May 4, 2009 (Ct. Rec. __); and 4) a proposed Order (Ct. Rec. __). In summary, the Morton Defendants contend that subject matter jurisdiction and personal jurisdiction are lacking and that this Court is the improper venue.

The Court abides by its jurisdiction and venue rulings in its November 3, 2009 Order. (Ct. Rec. 99.) Furthermore, the Court notes that the Morton Defendants sought affirmative relief from this Court when they filed their May 20, 2009 counterclaim (Ct. Rec. 24); thereby submitting themselves to this Court's personal jurisdiction. In addition, at the time the Complaint was filed Plaintiff Bass resided in Liberty Lake, a town in the Eastern District of Washington.

Further, the Morton Defendants argue the parties settled this matter. The Morton Defendants highlight that on July 16, 2009, they filed a copy of a "settlement agreement" purportedly signed by Daryl Weber on July 15, 2009. The Court will not assess the viability of this

ORDER ~ 2

"settlement agreement" or Mr. Weber's signature because default had been entered against Mr. Weber prior thereto on June 16, 2009. (Ct. Rec. 30.)

Lastly, because of the Morton Defendants' failure to appear for deposition and respond to discovery, Plaintiff did not have the opportunity to question, under oath, the Morton Defendants. The Court abides by its decision to enter default against the Morton Defendants and dismiss their counterclaim as a sanction for failure to engage in discovery and abide by Court orders. Accordingly, the Morton Defendants' recent requests for relief are denied.

**B.   Plaintiff's Damages Request**

In its November 3, 2009 Order, the Court found that Plaintiff established that the Morton and corporate Defendants committed federal securities fraud and, therefore, the Court entered default against these Defendants.[1] This December 4, 2009 hearing was set to allow Defendants to contest Plaintiff's damages request, *see* Fed. R. Civ. P. 55(b)(2); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002); *Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir. 1990). Defendants did not challenge Plaintiff's damages request.

    1.   Damages

The Court accepts Plaintiff's unchallenged declaration that he provided Defendants $217,000.00 to invest: $50,000 on August 8, 2006; $67,000 on October 5, 2006; and $100,000 on October 31, 2006. (Ct. Rec.

---

[1] Again, default had previously been entered against Mr. Weber on June 16, 2009. (Ct. Rec. 30.)

ORDER ~ 3

84.) Accordingly, judgment is entered against all Defendants, jointly and severally, for this amount, including 12% prejudgment interest.

   2.   Attorney Fees

   Three attorneys worked on Plaintiff's file: Richard Gerace, John Fetters, and Dana Ferestien.  Upon review of the submitted declarations, the Court finds the requested hours and charged fees reasonable, except the hours charged for preparing the Complaint, which the Court reduces by 12 hours.  The following chart summarizes the fees awarded:

| **Attorney** | **Hours** | **Hourly Fee** | **Total** |
|---|---|---|---|
| Richard Gerace | General: 88 | $250.00 | $22,000.00 |
| | Discovery Sanction: 31 | $250.00 | $7,750.00 |
| John Fetters | General: 62.6 | $210.00 | $13,146.00 |
| | Discovery Sanction: 43.4 | $210.00 | $9,114.00 |
| Dana Ferestien | General: 18.2 | $315.00 | $5,733.00 |
| | Discovery Sanction: 1.2 | $315.00 | $378.00 |
| | | **TOTAL** | **$58,121.00** |
| | | **General** | $40,879.00 |
| | | **Disc. Sanc.** | $17,242.00 |

   3.   Costs

   The Court finds the costs sought by Plaintiff reasonable and awards as follows:

| General Litigation Costs | Williams Kastner | $1,245.39 |
|---|---|---|
| Discovery Sanction Costs | William Kastner | $707.31 |
| | Richard Gerace | $3,194.27 |
| | **TOTAL** | **$5,146.97** |
| | **General** | $1,245.39 |
| | **Discovery Sanction** | $3,901.58 |

ORDER ~ 4

**C.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. The Morton Defendants' Petition for Judicial Review Decision and Reconsideration **(Ct. Rec. 104)**; Dispositive Motion **(Ct. Rec. 103)**; Final Notice of Default, Demand for Payment; Notice of Intent to Lien; Breach of Contract **(Ct. Rec. __)**, and Motion for Stay of Proceedings **(Ct. Rec.  )** are **DENIED**.

2. Judgment shall be entered in Plaintiff's favor as follows:

    a) Judgment against all Defendants (Daryl Weber; Sean Morton; Melissa Morton; 27 Investments, LLC; Magic Eight Ball Distribution, Inc.; Vajra Productions, LLC; and Delphi Associates Investment Group), jointly and severally, as follows:

- Principle judgment:     $217,000.00
- 12% prejudgment interest on the following:
    - $50,000 from 8/1/2006
    - $67,000 from 10/5/2006
    - $100,000 from 10/31/2006
- $40,879.00 in attorney fees
- $1,245.39 in costs

    b) Additional judgment against Sean and Melissa Morton, jointly and severally, as follows:

- $17,242.00 in attorney fees
- $3,901.58 in costs

3. This file shall be **CLOSED**.

ORDER ~ 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment in Plaintiff's favor, deny all other pending motions as moot, and provide copies to all counsel and Defendants.

**DATED** this 4th day of December 2009.

                                        s/Edward F. Shea
                                        EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2008\253.Judgment.2.wpd

ORDER ~ 6